**UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION**

RE:

**Genevieve Frances Belding-Miller
fdba Bri-Z Tanning Co. LLC, fdba Bri-Z 2 LLC**

**Debtor.**

**Chapter 7
Case No. 15-50154**

## MOTION FOR SANCTIONS FOR VIOLATION OF THE DISCHARGE INJUNCTION OF 11 U.S.C. § 727

Genevieve Frances Belding-Miller ("Movant"), through undersigned counsel, moves the Court to impose sanctions upon Brian Cramer and his State Court counsel, John F. Hanzel, for violation of the Discharge Injunction of 11 U.S.C. § 727 and Movant shows unto the Court support thereof as follows:

1.    Movant filed Chapter 7 proceeding in the Western District of North Carolina (Statesville Division, Case No. 15-50154);

2.   Trustee filed a No Asset Report and the Discharge issued June 22, 2015 attached hereto as Exhibit A.

3.    The attached Answer of Movant filed in the case of Brian Cramer, Plaintiff vs. Genevieve Belding-Miller and Tony Zorn, Defendants pending in the Superior Court Division of Mecklenburg County (Case No. 16-CVS-18927) is attached hereto as Exhibit B.

4.    Debtor has alleged that she was an organizer of Bri-Z 2, LLC which borrowed money from Brian Cramer without any documentation of the loan to the LLC;

5.   Movant did not personally guarantee the loan to Bri-Z 2, LLC.

6.    As set forth in the attached Affidavit (attached hereto as Exhibit C), Brian Cramer was aware of the bankruptcy filing of Movant in March, 2015. At no time did Mr. Cramer advise Movant of any alleged personal liability for Mr. Cramer's loan to the LLC entity;

7.    Final Decree closing the case was entered January 18, 2017;

8.    Movant's State Court attorney Frank Aycock retained undersigned counsel on behalf of Movant in May, 2017. On May 30, 2017, counsel for Movant sent a letter dated May 30, 2017 to John F. Hanzel, attorney for Brian Cramer. Said letter is attached hereto as Exhibit D and incorporated herein by reference;

9.    Mr. Hanzel was advised of the bankruptcy filings of Mr. Zorn and Movant in said letter attached here to as Exhibit "D". Additionally, Mr. Hanzel was advised of the

issuance of the Discharge on June 22, 2015 and the decision of Judge William L. Stocks, the chief Bankruptcy Judge of the Middle District of North Carolina issued November 7, 2002 as stated therein, "as pre-petition debts of the Debtor and this no-asset Chapter 7 case, the debts were discharged when the debtor received her discharge on August 5, 2002, unless the debt is one which is nondischargeable under any of the subparagraphs of § 523(a) other than §523 (a)(3)(A)."

10.   In response to counsel's letter to Mr. Hanzel, Movant's counsel received the attached voice message from Katelyn Taylor in Mr. Hanzel's office set forth in the attached document (attached hereto as Exhibit E) dated July 11, 2017;

11.   Brian Cramer and his attorney John Hanzel have continued to prosecute the aforesaid civil action against both Genevieve Belding-Miller and Tony Zorn despite being advised of applicable caselaw and the provisions of 11 U.S.C. § 727(b);

12.   Despite actual notice of the filing of the bankruptcy case of Movant, the issuance of the Discharge and Judge Stocks' applicable opinion, Mr. Hanzel and his client have continued to prosecute the case in Mecklenburg County Superior Court.

Movant prays that the Court reopen her case (15-50154) to determine that any debt to Brian Cramer alleged to be owed by Movant has been discharged and determine appropriate sanctions including assessing of attorneys' fees for counsel for Movant incurred to defend the State Court action and prosecute this Motion for Sanctions.

Dated:_____        ___/s/_____

David R. Badger
N.C. State Bar #156
DAVID R. BADGER, P.A.
Attorney for Debtor
2108 South Boulevard
Suite 118 Atherton Lofts
Charlotte, North Carolina 28203
Telephone:   (704) 375-8875
Facsimile:   (704) 375-8835

**EXHIBIT A**



# UNITED STATES BANKRUPTCY COURT
## Western District of North Carolina
### Statesville Division

Case No. 15-50154
Chapter 7

---

In Re: Debtor(s) (name(s) used in the last 8 years, including married, maiden, trade, and address):

Genevieve Frances Belding-Miller
fdba Bri-Z Tanning Co. LLC, fdba Bri-Z 2 LLC
114 Aberdeen Drive
Troutman, NC 28166
Social Security No.: xxx-xx-7393

---

# DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

Dated: June 22, 2015

BY THE COURT

Laura T. Beyer
United States Bankruptcy Judge

Electronically filed and signed (6/22/15)

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

## EXPLANATION OF BANKRUPTCY DISCHARGE
### IN A CHAPTER 7 CASE

This court order grants a discharge to the person(s) named in the order. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor(s), a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the discharged debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

### Debts that are Not Discharged.

Some of the common types of debts which are not discharged in a chapter 7 bankruptcy case are:

 a. Debts for most taxes;

 b. Debts incurred to pay nondischargeable taxes;

 c. Debts that are domestic support obligations;

 d. Debts for most student loans;

 e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

 f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

 g. Some debts which were not properly listed by the debtor;

 h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

 i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

 j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans.

This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.

In re:
⌐ Genevieve Frances Belding-Miller
              Debtor

Case No. 15-50154-1tb
Chapter 7

## CERTIFICATE OF NOTICE

District/off: 0419-5          User: barnesk          Page 1 of 1          Date Rcvd: Jun 22, 2015
                             Form ID: dsc7          Total Noticed: 19

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 24, 2015.
db            +Genevieve Frances Belding-Miller,    114 Aberdeen Drive,    Troutman, NC 28166-9516
5181051       +American Honda Finance,    13856 Ballantyne Corpora,    Charlotte NC 28277-2711
5181052       +Charlotte OBGYN,    c/o PMAB LLC,    4135 S. Stream Blvd, Ste 4,    Charlotte NC 28217-4523
5181055       +Hollywood Tans,    4100 Midway Road, Ste 2115,    Carrollton TX 75007-1965
5181057       +Iredell County Tax Collector,    P O Box 1027,    Statesville NC 28687-1027
5181058       +Lake Norman Regional Medical Center,    P O Box 3250,    Mooresville NC 28117-3250
5181059       +Mohela/Deptartment Of Education,    633 Spirit Dr,    Chesterfield MO 63005-1243
5181062       +Popular Community Bank,    P O Box 4601,    Oak Park IL 60303-4601
5181067       +West Asset Management,    P O Box 790113,    Saint Louis MO 63179-0113

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
5181053       +EDI: MID8.COM Jun 22 2015 18:58:00     Citibank NA,    c/o Midland Funding,
               8875 Aero Drive, Ste 200,    San Diego CA 92123-2255
5181054       +E-mail/Text: bankruptcy.notices@hdfsi.com Jun 22 2015 19:02:51     Harley-Davidson Credit,
               P O Box 22048,    Carson City NV 89721-2048
5181056        EDI: IRS.COM Jun 22 2015 18:58:00     Internal Revenue Service,    P O Box 7346,
               Philadelphia PA 19101-7346
5181061       +EDI: NCDEPREV.COM Jun 22 2015 18:59:00     NC Department of Revenue,    P O Box 1168,
               Raleigh NC 27602-1168
5181060       +EDI: NAVIENTFKASMSERV.COM Jun 22 2015 18:59:00     Navient,    P O Box 9500,
               Wilkes Barre PA 18773-9500
5181987        EDI: NCDEPREV.COM Jun 22 2015 18:59:00     North Carolina Department of Revenue,
               Bankruptcy Unit,    P.O. Box 1168,    Raleigh, NC 27602-1168
5181063       +EDI: STF1.COM Jun 22 2015 18:58:00     Suntrust Bank,    P O Box 85052,    Richmond VA 23285-5052
5181064       +E-mail/Text: pauline.burt@timepaymentcorp.com Jun 22 2015 19:02:34     Timepayment Corporation,
               16 NE Exec Office Park S,    Burlington MA 01803-5217
5181065       +EDI: USAA.COM Jun 22 2015 18:58:00     USAA Savings Bank,    P O Box 47504,
               San Antonio TX 78265-7504
5181066       +EDI: WFFC.COM Jun 22 2015 18:58:00     Wells Fargo Credit Services,    P O Box 14517,
               Des Moines IA 50306-3517
                                                                              TOTAL: 10

         ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
5181986*      +Internal Revenue Service,    P.O. Box 7317,    Philadelphia, PA 19101-7317
                                                                    TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.


I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security
Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the
bankruptcy rules and the Judiciary's privacy policies.

Date: Jun 24, 2015                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 22, 2015 at the address(es) listed below:
              James B. Mallory, III    on behalf of Debtor Genevieve Frances Belding-Miller
               tcole@jbmallorylaw.com,  jmallory@jbmallorylaw.com;emills@jbmallorylaw.com;jmallory3@gmail.com
              John W. Taylor    johntaylor@johntaylorlaw.com,  NC38@ecfcbis.com
              John W. Taylor    on behalf of Trustee John W. Taylor johntaylor@johntaylorlaw.com,
               jamiegilson@johntaylorlaw.com
                                                                              TOTAL: 3

FILED

STATE OF NORTH CAROLINA                         GENERAL COURT OF JUSTICE
MECKLENBURG COUNTY                              SUPERIOR COURT DIVISION
2014 DEC 20  AM 9: 49                           16 CVS 18927

MECKLENBURG CO. C.S.C.

BRIAN CRAMER,
     Plaintiff,

vs.

GENEVIEVE BELDING-MILLER                        ANSWER
and TONY ZORN,
     Defendants.                                (of defendant Genevieve
                                                  Belding-Miller)

NOW COMES DEFENDANT GENEVIEVE BELDING-MILLER, answering the numbered paragraphs of the complaint, and says:

## THE PARTIES

1. Admitted.

2. Denied.

3. Denied.

## JURISDICTION AND VENUE

4. Admitted.

5. Admitted.

6. Admitted.

## FACTUAL ALLEGATIONS

1. Admitted.

2. Admitted.

3. It is admitted that defendants had been in a romantic relationship and that Ms. Belding-Miller was the organizer of Bri-Z 2LLC. Mr. Zorn was not an organizer. Except as admitted, the allegations of paragraph 3 are denied.

4. Denied.

5. Admitted.

6. Denied.

7. Denied that the defendants represented that they had experience in the hair salon business or that they made guarantees to plaintiff. Except as admitted, the allegations of paragraph 7 are denied.

8. Denied.

9. Admitted that defendant hoped the business would begin to be successful. Except as admitted, the allegations of paragraph 9 are denied.

10. Denied that the defendant represented to plaintiff that he would get money back if the business was not successful. Except as admitted, the allegations of paragraph 10 are denied.

11. Denied.

12. Denied.

13. Admitted that plaintiff conveyed funds to Bri-Z 2 LLC. Except as admitted, the allegations of paragraph 13 are denied.

14. Admitted that Ms. Belding-Miller was the sole organizer. Except as admitted, the allegations of paragraph 14 are denied.

15. Denied.

16. Denied.

17. Denied.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

18. Answered as previously answered.

19. Admitted that plaintiff conveyed $30,000 to Bri-Z 2 LLC. Except as admitted, the allegations of paragraph 19 are denied.

-2-

20. Admitted that plaintiff conveyed $2,000 to Bri-Z 2 LLC. Except as admitted, the allegations of paragraph 20 are denied.

21. Admitted that plaintiff conveyed $2,000 to Bri-Z 2 LLC. Except as admitted, the allegations of paragraph 21 are denied.

22. Admitted that plaintiff conveyed. $6,000 to Bri-Z 2 LLC. Except as admitted, the allegations of paragraph 22 are denied.

23. Denied.

24. Admitted that plaintiff fulfilled his obligations but denied that he was an investor.

25. Denied.

26. Denied.

### SECOND CLAIM FOR RELIEF
### (Unjust Enrichment)

27. Answered as previously answered.

28. Denied.

29. The funds were conveyed to Bri-Z 2 LLC. Except as admitted, the allegations of paragraph 29 are denied.

30. Denied.

31. Admitted.

32. Denied.

### THIRD CLAIM FOR RELIEF
### (Fraud)

33. Answered as previously answered.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

### FOURTH CLAIM FOR RELIEF
### (Facilitation of Fraud/Civil Conspiracy)

39. Answered as previously answered.

40. Denied.

41. Denied.

42, Denied.

### FIFTH CLAIM FOR RELIEF
### (Unfair and Deceptive Trade Practices)

43. Answered as previously answered.

44. Admitted on information and belief.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

### SIXTH CLAIM FOR RELIEF
### (Conversion)

50. Answered as previously answered.

51. Denied.

-4-

52. Denied.

53. Denied.

54. Denied.

55. Denied.

## SEVENTH CLAIM FOR RELIEF
### (Piercing the Corporate Veil/Alter Ego)

56. Answered as previously answered.

57. Denied.

58. Bri-Z 2 LLC had the authority vested in it by law. Except as admitted, the allegations of paragraph 58 are denied.

59. Denied.

60. Denied.

61. Denied.

## EIGHTH CLAIM FOR RELIEF
### (Punitive Damages)

62. Answered as previously answered.

63. Denied.

64. Denied.

## FIRST FURTHER DEFENSE

1. Plaintiff's loan was to Bri-Z 2 LLC which was discharged in bankruptcy on June 22nd, 2015.

## SECOND FURTHER DEFENSE

1.   Defendant Miller was discharged in bankruptcy on June 22nd, 2015.

## THIRD FURTHER DEFENSE

1.   All claims for relief are barred by the passage of time of more than three years from the dates plaintiff conveyed funds to Bri-Z 2 LLC, and defendant pleads the applicable statutes of limitations and repose.

## FOURTH FURTHER DEFENSE

1.   The Third and Fourth claims for relief fail to allege facts sufficient to state claims for fraud for failure to allege fraud with the particularity required by Rule 9(b) of the rules of civil procedure and should be dismissed on motion pursuant to Rule 12(b)(6).

## FIFTH FURTHER DEFENSE

1.   The First claim for relief fails to allege facts sufficient to state a claim for relief for breach of contract for failure to allege the terms of any agreement between plaintiff and the defendants with respect to how, when, and if any funds would be conveyed back to the plaintiff, or what conditions would generate any return of funds, and should be dismissed pursuant to Rule 12(b)(6) of the rules of civil procedure.

## SIXTH FURTHER DEFENSE

1.   Plaintiff's loans were to Bri-Z 2 LLC and not to the defendants individually.  Plaintiff's claims herein are attempts to make the defendants pay the debts, which are denied, of Bri-Z 2 LLC and may not be prosecuted without a written promise to pay signed by the defendants promising to pay the debts of another, in violation of NCGS 22-1 of the Statute of Frauds.

-6-

## SEVENTH FURTHER DEFENSE

1.   Plaintiff was not an investor in that he never was intended to become an owner of any part of the business but was a creditor of Bri-Z 2 LLC whose right to return of funds was conditioned on the business beginning to return a profit, which never occurred despite the best efforts of defendant, therefore plaintiff by his own agreement was never entitled to return of any funds.

## EIGHTH FURTHER DEFENSE

1.   Plaintiff conveyed funds to Bri-Z 2 LLC knowing it had no history of successful operation and that defendant had never before managed a hair salon business and that his loans would never be repaid unless the business began to return a profit, which it never did, and defendant pleads plaintiff's assumption of risk.

## NINTH FURTHER DEFENSE

1.   The Eighth claim for relief fails to allege facts sufficient to state a claim for punitive damages for failure to aver any aggravating factor with the particularity required by Rule 9(k) of the rules of civil procedure, and should be dismissed on motion pursuant to Rule 12(b)(6).

WHEREFOR, defendant Miller prays that this action be dismissed, that plaintiff recover nothing of her, that she recover her costs and a reasonable attorney fee, and that she have such other relief as may be proper.

This the 28 day of December, 2016 .

Frank B. Aycock, III
Attorney for defendant Miller
2222 Selwyn Avenue, Suite 506
Charlotte, N.C. 28207
(704) 554-1198   fax -- same
N.C. State Bar number:   144
aycock1938@gmail.com

-7-

16 CVS 18927

## CERTIFICATE

I certify service of the foregoing document, to wit, Answer of defendant Genevieve Belding-Miller by first class postage prepaid United States mail addressed as follows:

John F. Hanzel
Attorney at Law
19425-G Liverpool Parkway
Cornelius, N.C. 28031

Tony Zorn
132 Currituck Court
Mooresville, N.C. 28117

This the 28 day of December, 20 16 .

Frank B. Aycock, III
Attorney for defendant Miller

-8-

# EXHIBIT C

STATE OF NORTH CAROLINA
MECKLENBURG COUNTY

GENERAL COURT OF JUSTICCE
SUPERIOR COURT DIVISION
16 CVS 18927

Brian Cramer                    )
      Plaintiff,            )
Vs.                             )
                   )
GENEVIEVE BELDING-MILLER        )         AFFIDAVIT
And TONY ZORN                   )
      Defendants            )
_____)

The undersigned, GENEVIEVE F. BELDING-MILLER, being duly sworn, hereby deposes and says:

1. I am over the age of 18 and am a resident of the State of North Carolina. I have personal knowledge of the facts herein, and if called as a witness, could testify completely thereto.

2. I suffer no legal disabilities and have personal knowledge of the facts set forth below.

3. Plaintiff, Brian Cramer and I had multiple discussions after my vehicle was repossessed in November of 2014 about my financial situation, and my need to file bankruptcy. We discussed the cost and which lawyer I should choose. During my employment at the Corkscrew wine bar Mr. Cramer came to visit me at work on multiple occasions. During these visits, we discussed my saving the money I needed to file and waiting for my tax return so I could cover the difference. After I received my tax return, in March 2015 I filed Chapter 7 bankruptcy. I informed Mr. Cramer that I had filed in March. Mr. Cramer and I continued our friendship and I kept him informed throughout the entire process. On multiple occasions Mr. Cramer and I spoke about the hardships I was facing, and the emotional effect and toll it was taking on me and my daughter. We continued our friendship until August of 2016, at no point during the time from 2014-2016 did Mr. Cramer ever mention owing him money or his intent to seek reimbursement from any perceived debts owed to him by me.



                 Genevieve F. Belding-Miller
                           Affiant

STATE OF NORTH CAROLINA
COUNTY OF IREDELL
Sworn to and subscribed before me
this ___16___ day of June, 2017.

_____
Notary Public

My Commission Expires: _01\24\2022_



**BOARD CERTIFIED SPECIALIST**
NORTH CAROLINA STATE BAR

**David R. Badger, P.A.**
Attorneys at Law
2108 South Boulevard
Suite 118 Atherton Lofts
Charlotte, North Carolina 28203
www.BadgerLawNC.com

\* Board Certified Specialist
In Bankruptcy by N.C. State Bar
And by American Bankruptcy
Board of Certification (Business)

David R. Badger\*
Ross Bromberger
Telephone (704) 375-8875
Facsimile  (704) 375-8835

May 30, 2017

John F. Hanzel
John F. Hanzel, P.A.
19425-G Liverpool Pkwy
Cornelius, NC 28031

Re:     Brian Cramer vs. Genevieve Belding—Miller and Tony Zorn
        Mecklenburg County Superior Court 16-CVS-18927

Dear John:

I've been consulted by Frank Aycock concerning the lawsuit described above. It is my understanding from Frank Aycock, attorney for Genevieve Frances Belding-Miller, that Brian Cramer was an acquaintance of both Ms. Belding-Miller and Mr. Zorn beginning on or about 2012. It is my understanding that Stacy Cordes represents Tony Zorn in the State Court litigation.

Based upon the relationship between the three parties, it is difficult to understand that Mr. Cramer was not aware of the following:

1.      Mr. Zorn filed a Chapter 7 bankruptcy proceeding with James Mallory, Statesville attorney, on or about June 4, 2012 (Case No. 12-50604);

2.      Genevieve Frances Belding-Miller filed a Chapter 7 bankruptcy proceeding on March 20, 2015 (Case No. 15-50154) in the Statesville Division of the Western District of North Carolina Bankruptcy Court;

3.      Your Complaint indicates in paragraph 24 of the First Claim for Relief "Plaintiff fulfilled all of his obligations as an investor in Bri-Z 2, LLC" which appears to be the business to which the funds were loaned by your client;

4.      It is my understanding that the loans were unsecured and no personal guarantees were executed by Genevieve Frances Belding-Miller;

5.    Ms. Belding-Miller received her bankruptcy Discharge on June 22, 2015. A copy of the Discharge of debtor is enclosed;

6.    I have also enclosed a copy of a decision of Judge Stocks reported in 285 B.R. 632, a Chapter 7 proceeding in the Middle District, North Carolina, Durham Division (Case No. B-02-80727C-7D) field November 7, 2002.

It is my understanding that Mr. Cramer was informed of the bankruptcy filing by Ms. Belding-Miller. Should Mr. Cramer fail to dismiss Ms. Belding-Miller from the pending State Court lawsuit no later than June 15, 2017, her bankruptcy case will be reopened and a Motion for Sanctions for Violation of the Discharge Injunction will be filed for hearing before Judge Beyer in the U.S. Bankruptcy Court. Sanctions sought will include significant costs and attorney's fees necessitated by your client's refusal to dismiss Genevieve Frances Belding-Miller from the pending State Court action.

Sincerely,

David R. Badger

DRB/cds

cc: Frank B. Aycock, III
cc: James B. Mallory, III
cc: Stacy Cordes
cc: Tony Zorn

Enclosure

**285 B.R. 632**
**In re Patricia Kathleen B. SERGE,**
**Debtor.**
**No. B-02-80727C-7D.**
**United States Bankruptcy Court, M.D.**
**North Carolina, Durham Division.**
**November 7, 2002.**

Page 633

Michael J. McCrann, Aberdeen, NC, for Debtor.

John A. Northen, Chapel Hill, NC, trustee.

*ORDER*

WILLIAM L. STOCKS, Chief Judge.

This case came before the court on November 6, 2002, for hearing on a motion filed on behalf of the Debtor to reopen this case. Debtor seeks to reopen this case in order to amend her schedules to list five unsecured creditors who existed pre-petition and who were omitted from the schedules through oversight of the Debtor. Michael J. McCrann appeared on behalf of the Debtor.

*FACTS*

The following facts appear of record and are not disputed. This case was filed on March 7, 2002. On March 7, 2002, the Clerk of Bankruptcy Court issued a Notice of Chapter 7 Bankruptcy Case which, among other things, stated:

"Please Do Not File A Proof of Claim Unless You Receive a Notice To Do So."

The ensuing administration of this case confirmed that there were no assets available from which payment to unsecured creditors could be made. On May 30, 2002, the Trustee filed a Trustee's Report of No Distribution in which he reported that he had neither received any property nor paid any money on account of the estate. On June 17, 2002, Debtor was granted a discharge and on August 5, 2002, an order was entered closing this case. Debtor's motion to reopen was filed on October 15, 2002. No assets have been discovered in this case and no notice has ever been issued setting a bar date for the filing of claims.

*LEGAL CONCLUSIONS AND DISCUSSION*

The discharge under § 727(b) applies to "all debts that arose before the date of the order for relief." This language includes *all* prepetition debts without regard to whether they are scheduled. However, § 523(a)(3), which deals with the effect of a failure by the debtor to schedule a debt, provides:

(a) A discharge under section 727...does not discharge an individual debtor from any debt —

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit —

(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice

Page 634

or actual knowledge of the case in time for such timely filing; or

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request;

Under the provision of § 523(a)(3)(A), one of the factors that determines the effect of



In re Serge, 285 B.R. 632 (Bankr.M.D.N.C., 2002)

a debtor's failure to schedule a creditor is whether the case is a no-asset Chapter 7 case'. This is true because in no-asset Chapter 7 cases no bar date is set, with the result that § 523(a)(3)(A) is never triggered in such cases. Stated another way, because there is no bar date in a no-asset Chapter 7 case, there never can be a time in such cases when it is too late "to permit timely filing of a proof of claim."

Since the present case is a no-asset Chapter 7 case the indebtedness that the Debtor seeks to add to the schedules is already discharged even though such debts were not listed or scheduled, unless the debts fall within § 523(a)(3)(B) or one of the other exceptions to discharge set forth in § 523(a). See *In re Cates*, 183 B.R. 723 (Bankr.M.D.N.C.1995); *In re Mendiola*, 99 B.R. 864 (Bankr.N.D.Ill.1989). Moreover, as pointed out in *Mendiola,* even if the debts in question do fall within one of the exceptions in § 523(a) other than § 523(a)(3)(A), scheduling the debts at this time will not change or affect the status of the debts as regards dischargeability.

Section 523(a)(3)(B) is applicable where a debt of the type described in subsections (2), (4) and (6) of § 523(a) was neither listed nor scheduled in time to permit the timely filing of a proof of claim and complaint to determine dischargeability, and the creditor did not know about the case within that time. This provision is intended to protect the creditor's right to obtain a determination of the dischargeability of a debt in those instances where such right might otherwise be lost by reason of the passage of time.[1] Again, however, whether the claim is added to the schedules has no effect upon the dischargeability of the claim under § 523(a)(2), (4), (6) or (15). Reopening a case to list a creditor will not extend the time to file complaints to determine dischargeability under these subsections of § 523(a), nor will reopening render a nondischargeable claim dischargeable. Either the unlisted creditor had actual, timely notice of the case or it did

not. If the unlisted creditor had such notice and failed to file a timely complaint to determine dischargeability pursuant to subsections (2), (4), (6) or (15) of § 523(a), then the claim is discharged. On the other hand, if the unlisted creditor did not have such notice and the claim is one that is nondischargeable under § 523(a), then the claim is not discharged. Reopening the case and amending the schedules after the case has been closed, however, does not change the situation regarding dischargeability one iota.

In the present case, Debtor seeks to reopen and to amend the schedules to list five creditors in order to subject their debts to discharge. For the reasons just stated, reopening this case will not accord the Debtor the relief she seeks. As prepetition debts of the Debtor in this no-asset Chapter 7 case, the debts were discharged when the debtor received her discharge

Page 635

on August 5, 2002, unless the debt is one which is nondischargeable under any of the subparagraphs of § 523(a) other than § 523(a)(3)(A). The limited information presented regarding the five unlisted creditors suggests that their debts are not ones which are nondischargeable.[2] Therefore, it appears that the five debts have been discharged even though they were not scheduled by Debtor. In any event, reopening the case and scheduling the five debts at this time would have no effect on the status of the debts. Because reopening the case to amend the schedules would be a futile act which would not affect the rights or liabilities of any party in interest, the motion to reopen should be denied.

IT IS SO ORDERED

---------------

Notes:



-2-

1. Such protection is needed because under § 523(c) and Bankruptcy Rule 4007(c) complaints to determine dischargeability of a debt of the kinds specified in § 523(a)(2), (4), (6) or (15) must be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a).

2. If there is a genuine dispute between the parties regarding the dischargeability of the debts under any of the subsections of § 523(a), other than § 523(a)(3)(A), there are several ways to litigate the matter. First, if the creditors pursue a lawsuit on the claim, Debtor can assert the bankruptcy discharge as an affirmative defense and the court with jurisdiction over that lawsuit can decide whether the debt falls within any of the exceptions to discharge. Second, under Bankruptcy Rule 4007(b) either Debtor or the creditors can move to reopen this case for the purpose of filing a complaint to determine dischargeability. Third, Debtor can bring an action in this court to enforce the discharge injunction contained in § 524(a) against any creditor who is attempting to collect discharged claims. "The virtue of any of these procedures, as opposed to a motion to reopen to amend schedules, is that it will focus on the real dispute (if there is a real dispute) between the parties-the dischargeability of the debt." *In re Mendiola*, 99 B.R. at 870.

----------------



Sunday, August 6, 2017 at 4:56:27 PM Eastern Daylight Time

**Subject:** New Voice Message from HANZEL JOHN F P (704) 892-3185 on 07/11/2017 at 3:55 PM

**Date:** Tuesday, July 11, 2017 at 3:56:50 PM Eastern Daylight Time

**From:** RingCentral

**To:** Dave Badger

EXHIBIT E

## You Have a New Voice Message

**From:** HANZEL JOHN F P (704) 892-3185

**Received:** Tuesday, July 11, 2017 at 3:55 PM

**Length:** 00:18

**To:** (704) 375-8875 * 5 David Badger

**Voicemail Preview:**
"Hi Mr. batter(?) this is Katelyn Taylor John at handled office. We are not going to dismiss your client. So I guess that means you can go ahead and pay-yourself(?) stuff. Well you have a great day and thank you. Bye bye."

Listen to this message on your RingCentral Mobile App (download) or login to your RingCentral account.

Thank you for using *RingCentral*.

Glip - your online destination for teams to work, share, track projects and communicate. Get started

**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**

**RE:**

**Genevieve Frances Belding-Miller**
**fdba Bri-Z Tanning Co. LLC, fdba Bri-Z 2 LLC**

**Debtor.**

**Chapter 7**
**Case No. 15-50154**

**NOTICE OF FILING OF PLEADING/HEARING**

The attached Motion for Sanctions for Violation of the Discharge Injunction of 11 U.S.C. § 727 has been filed with the Court.

Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to contact one.)

If you do not want the Court to grant relief sought in the pleading, or if you want the Court to consider your views on the pleading, then on or before the fifteen (15) days, you or your attorney must:

1. File with the Court a written response or request a hearing explaining your position at:

   U.S. Bankruptcy Clerk of Court
   401 West Trade Street
   Charlotte, NC 28202

2. If you mail your request and or response to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated for response in the Notice of Hearing;

3. You must also mail a copy to:

   David R. Badger
   David R. Badger, P.A.
   2108 South Boulevard
   Suite, 118 Atherton Lofts
   Charlotte, NC 28203

and other interested parties as shown on the enclosed Certificate of Service.

4.  Attend the hearing on **September 8, 2017 at 11:00 a.m.** in the U.S. Bankruptcy Court located at 200 West Broad Street, Room 301, Statesville, NC 28677.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the pleading and may enter and order granting relief.

Dated:_____          __/s/_____
                                         David R. Badger
                                         N.C. State Bar #156
                                         DAVID R. BADGER, P.A.
                                         Attorney for Debtor
                                         2108 South Boulevard
                                         Suite 118 Atherton Lofts
                                         Charlotte, North Carolina 28203
                                         Telephone:    (704) 375-8875
                                         Facsimile:    (704) 375-8835

# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION

RE:

**Genevieve Frances Belding-Miller**
**fdba Bri-Z Tanning Co. LLC, fdba Bri-Z 2 LLC**

**Debtor.**

**Chapter 7**
**Case No. 15-50154**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he has this date served a copy of the **Motion for Sanctions for Violation of the Discharge Injunction of 11 U.S.C. § 727 and Notice of Hearing** upon all parties listed below by placing same in the U.S. Postal Service, postage prepaid and addressed as follows:

| | |
|---|---|
| Genevieve Frances Belding-Miller<br>114 Aberdeen Dr.<br>Troutman, NC 28116 | Frank B. Aycock, III<br>2222 Selwyn Ave., #506<br>Charlotte, NC 28207<br>*State Court Attorney for Genevieve Belding-Miller* |
| James B. Mallory, III<br>Attorney at Law<br>P.O. Box 7<br>Statesville, NC 28687<br>*Former Attorney for Debtor* | John F. Hanzel<br>19425-G Liverpool Pkwy<br>Cornelius, NC 28031<br>Jth@hanzellaw.com<br>*Attorney for Brian Cramer* |
| Tony Zorn<br>132 Currituck Ct.<br>Mooresville, NC 28117 | Stacy Cordes<br>Burt & Cordes, PLLC<br>122 Cherokee Rd., Ste 1<br>Charlotte, NC 28207<br>Cordes@burtcordeslaw.com<br>*Attorney for Tony Zorn* |
| Brian Cramer<br>P.O. Box 1571<br>Cornelius, NC 28031 | |

The undersigned further certifies that he has this date served a copy of the **Motion for Sanctions for Violation of the Discharge Injunction of 11 U.S.C. § 727 and Notice of Hearing** on all parties listed below by electronic case filing:

Bankruptcy Administrator
John W. Taylor, Chapter 7 Trustee

Dated:_____        __/s/_____
                                     David R. Badger
                                     N.C. State Bar #156
                                     DAVID R. BADGER, P.A.
                                     Attorney for Debtor
                                     2108 South Boulevard
                                     Suite 118 Atherton Lofts
                                     Charlotte, North Carolina 28203
                                     Telephone:    (704) 375-8875
                                     Facsimile:    (704) 375-8835